# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION § | |
| § | |
| ELLEN JEANENE PALMER, § | |
| individually and as EXECUTRIX of the Estate § | |
| of CLYDE LEE DENBOW § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | C. A. No. 1:14-cv-01064-SLR-SRF |
| § | |
| AIR & LIQUID SYSTEMS CORPORATION, § | |
| BUFFALO PUMPS DIVISION, et al. § | |
| § | |
| Defendants. § | |

## CRANE CO.'S OPENING BRIEF IN
## SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

SWARTZ CAMPBELL LLC

Shawn E. Martyniak (DE No. 4433)
300 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
302-656-5935
smartyniak@swartzcampbell.com
*Attorney for Crane Co.*

Dated: July 12, 2016

**Table of Contents**

Page

I. NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF FACTS ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

    A. Plaintiff has failed to demonstrate that Mr. Denbow worked with or around any product (asbestos-containing or not) that Crane Co. made, sold, or otherwise controlled the use of. ................................................................. 3

    B. Even if a jury were permitted to speculate that Mr. Denbow worked with or around Crane Co. valves, there is no evidence showing he was exposed to asbestos from that work. ....................................................................................... 4

    C. Crane Co. is not legally responsible for asbestos-containing materials that it did not make, sell, or otherwise place into the stream of commerce. .................... 7

V. CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Asbestos Litig.*,
    517 A.2d 690 (Del. Super. 1986) ................................................................................................4

*In re: Asbestos Litig. (Truitt)*,
    2011 WL 5340597 (Del. Super. Oct. 5, 2011) ............................................................................7

*In re Asbestos Litigation*,
    509 A.2d 1116 (Del. Super. 1986), *aff'd sub nom Nicolet, Inc. v. Nutt*, 525
    A.2d 146 (Del. 1987) ...................................................................................................................4

*Ayer v. A.W. Chesterton Co., et al.*,
    No. 275284 (Sup. Ct. of California, San Francisco County) .....................................................5

*Bernhardt v. Ford*,
    2010 WL 3005580 (Del. Super., July 30, 2010) ........................................................................7

*Braaten v. Saberhagen Holdings*,
    198 P.3d 493 (Wash. 2008) .....................................................................................................5, 7

*Cabasug v. Crane Co.*,
    956 F. Supp. 2d 1178 (D. Haw. 2013) .......................................................................................3

*Campbell v. A.W. Chesterton Co.*,
    MDL-875 No. 2:11-66745-ER at 12 (E.D. Pa. Oct. 15, 2012) ..............................................6, 8

*Cardaro v. Aerojet Gen. Corp.*,
    No. 2:11-66763-ER, 2012 WL 3536243 (E.D. Pa. July 27, 2012) ............................................8

*Celotex v. Catrett*,
    477 U.S. 317 (1986) ....................................................................................................................3

*Conner v. Alfa Laval, Inc.*,
    799 F. Supp. 2d 455 (E.D. Pa. 2011) .....................................................................................3, 8

*Conner v. Alfa Laval, Inc.*,
    842 F. Supp. 2d 791 (E.D. Pa. 2012) .........................................................................................7

*Conoshenti v. Pub. Serv. Elec. & Gas. Co.*,
    364 F.3d 135 (3d Cir. 2004) .......................................................................................................3

*Deuber v. Asbestos Corp.*,
    No. 10-cv-78931, 2011 WL 6415339 (E.D. Pa. Dec. 2, 2011) ..................................................3

*Devries v. General Electric Co.*,
 __ F.3d __, 2016 WL 2910099 (E.D. Pa. May 19, 2016) ........................................................8

*Faddish v. Buffalo Pumps*,
 881 F. Supp. 2d 1361 (S.D. Fla. 2012) ..................................................................................7

*Floyd v. Air & Liquid Systems Corp.*,
 Case No. 2:10-cv-69379, 2012 WL 975615 (E.D. Pa. Feb. 8, 2012) .......................................7

*Holland v. AIRCO, Inc.*,
 No. 5:11-cv-02189, 2016 WL 1162602 (N.D. Ala. Mar. 24, 2016) .........................................5

*John Crane, Inc. v. Jones*,
 650 S.E.2d 851 (Va. 2007) .....................................................................................................3

*Lindstrom v. A-C Prod. Liab. Trust*,
 424 F.3d 488 (6th Cir. 2005) ..............................................................................................3, 7

*Lyautey v. Alfa Laval, Inc.*,
 MDL-875 Case No. 10-cv-84922, 2012 WL 2877377 (E.D. Pa. March 19,
 2012) .....................................................................................................................................8

*Miller v. A.W. Chesterton Co.*,
 MDL-875 Case No. 07-67107, 2012 WL 2914180 (E.D. Pa. May 14, 2012) ..........................8

*Morgan v. Bill Van Co., Inc.*,
 No. 11-0535-WS-B, 2013 WL 4657502 (S.D. Ala. Aug. 30, 2013) ........................................7

*O'Neil v. Crane Co.*,
 266 P.3d 987 (Cal. 2012) ..................................................................................................5, 7

*Odum v. Celotex Corp.*,
 764 F.2d 1486 (11th Cir. 1985) .............................................................................................4

*Robert Baxter v. Alfa Laval, Inc.*,
 C.A. No. 05-4314 (Massachusetts Superior Court) ................................................................5

*Serini v. A.W. Chesterton Co.*,
 MDL-875 Case No. 07-69109, 2012 WL 2914188 (E.D. Pa. May 14, 2012) ..........................8

*Simonetta v. Viad Corp.*,
 197 P.3d 127 (Wash. 2008) (en banc) ....................................................................................7

*Surre v. Foster Wheeler LLC*,
 831 F. Supp. 2d 797 (S.D.N.Y. 2011) ....................................................................................7

*Taylor v. Elliot Turbomachinery Co.*,
    171 Cal. App. 4th 564 (2009) ...........................................................................................6

*Thurmon v. Georgia Pacific, LLC*,
    No. 14-15703, 2016 WL 3033147 (11th Cir. May 27, 2016) ...............................................5, 7

*Wright v. A.W. Chesterton Co.*,
    MDL-875 No. 2:11-cv-66748, 2012 WL 2834395 (E.D. Pa. Apr. 5, 2012) .............................6

**Rules**

Fed. R. Civ. P. 56..................................................................................................................3

**I.       NATURE AND STAGE OF PROCEEDINGS**

Plaintiff filed the initial complaint in the New Castle County Superior Court in June 2014, alleging that Clyde Denbow developed mesothelioma as a result of exposure to asbestos-containing products while employed by the United States Navy at various locations and aboard the USS *New Jersey* from 1954 to 1957, and also from his work at Kopper's Chemical in West Virginia from 1965 to 1970.  In August 2014, this action was timely removed to this Court.  Fact discovery is now closed.  This is Crane Co.'s motion for summary judgment and opening brief in support.

**II.      SUMMARY OF ARGUMENT**

The Court should enter summary judgment for Crane Co. and dismiss Plaintiff's claims because Plaintiff has produced no evidence to create a genuine issue of material fact regarding whether Mr. Denbow worked with or around *any* products (asbestos-containing or not) that Crane Co. made, sold, or otherwise controlled the use of.  While Plaintiff produced two product identification witnesses, neither testified that Mr. Denbow worked with or around any Crane Co. products.  Plaintiff will argue—without any evidence—that Mr. Denbow was exposed to asbestos from packing or gaskets used in conjunction with Crane Co. valves.  But a jury would be required to pile speculation on top of speculation to conclude this because (i) Plaintiff cannot even demonstrate that Mr. Denbow encountered a Crane Co. valve; (ii) even if she could, there is no evidence any packing or gasket materials Mr. Denbow allegedly used with that valve contained asbestos; and (iii) regardless, there is no evidence that Crane Co. made or sold those packing or gasket materials.  Accordingly, Crane Co. is entitled to summary judgment.

### III. STATEMENT OF FACTS

Plaintiff filed the initial complaint in the New Castle County Superior Court in June 2014, and the action was subsequently removed to this Court. The complaint alleges that Mr. Denbow developed mesothelioma as a result of exposure to asbestos-containing products while serving in the United States Navy from 1954 to 1957, and also while working at Kopper's Chemical from 1965 to 1970. *See* Compl., Ex. A. Mr. Denbow was not deposed prior to his death; however, Plaintiff produced two product identification witnesses: Howard Lauck and Charles Ricker. Neither testified that Mr. Denbow worked with or around a Crane Co. product.

Mr. Lauck worked at Kopper's for over thirty-nine years, but he did not know Mr. Denbow and could not provide any information as to any work Mr. Denbow performed at the facility.[1]

Mr. Ricker recalled Mr. Denbow from his time aboard the USS *New Jersey* sometime between 1952 and 1956,[2] but he did not know of any maintenance task performed by Mr. Denbow,[3] and he did not recall Mr. Denbow working on any specific piece of equipment or using any specific product.[4] The only asbestos-containing material Mr. Ricker recalled was external pipe insulation.[5] Mr. Ricker could not identify any manufacturer of any valve aboard the ship.[6] Finally, Mr. Ricker did not know the maintenance history of any valve on the ship nor did he recall Mr. Denbow performing any valve work on the USS *New Jersey*.[7]

---

[1] Lauck Disc. Dep. dated Sep. 9, 2015, 14:3-23:6; 55:8-56:4; 128:2-19 (**Ex. B**).
[2] Ricker Disc. Dep. dated Jan. 21, 2016, 16:23-17:17 (**Ex. C**).
[3] *Id.* at 25:11-15.
[4] *Id.* at 25:16-19; 32:3-7.
[5] *Id.* at 33:6-14.
[6] *Id.* at 51:13-15.
[7] *Id.* at 39:13-19; 51:22-52:6.

## IV.     ARGUMENT

Summary judgment exists "to isolate and dispose of factually unsupported claims." *Celotex v. Catrett*, 477 U.S. 317, 323–24 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The respective burdens of the parties on a Rule 56 summary judgment motion are well-established. *See Conoshenti v. Pub. Serv. Elec. & Gas. Co.*, 364 F.3d 135, 140 (3d Cir. 2004) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof.") (internal citations omitted).

### A.     Plaintiff has failed to demonstrate that Mr. Denbow worked with or around *any* product (asbestos-containing or not) that Crane Co. made, sold, or otherwise controlled the use of.

Regardless of what law applies here,[8] Crane Co. is entitled to summary judgment. Under maritime law, a plaintiff in an asbestos personal-injury action must prove that he was exposed to a particular defendant's asbestos-containing product, and that this product was a substantial factor in causing his injury. *See, e.g., Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (holding under maritime law that plaintiff must show "that (1) he was exposed to

---

[8] Many courts have applied maritime law in circumstances similar to those here, where the alleged asbestos exposures at issue take place on Navy ships on navigable waters. *See, e.g., Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 466 (E.D. Pa. 2011); *Cabasug v. Crane Co.*, 956 F. Supp. 2d 1178, 1186 (D. Haw. 2013); *John Crane, Inc. v. Jones*, 650 S.E.2d 851 (Va. 2007); *Deuber v. Asbestos Corp.*, No. 10-cv-78931, 2011 WL 6415339 (E.D. Pa. Dec. 2, 2011). However, as discussed below, since the result would be the same regardless of whether maritime law or Delaware (the forum state) law applies, the Court need not engage in a choice-of-law analysis at this point.

defendant's product, and (2) the product was a substantial factor in causing the injury suffered."). Delaware law is similar because a plaintiff must "show . . . that a particular defendant's asbestos-containing product was used at the job site and that the plaintiff was in proximity to that product at the time it was being used." *In re Asbestos Litigation*, 509 A.2d 1116, 1117 (Del. Super. 1986), *aff'd sub nom Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987) (quoting *Odum v. Celotex Corp.*, 764 F.2d 1486, 1488 (11th Cir. 1985)). It is not sufficient for a plaintiff to establish "the mere presence of a defendant's asbestos-containing product at a large job site; rather, the plaintiff must also proffer evidence that he 'was in proximity to that product at the time it was being used.'" *In re Asbestos Litig.*, 517 A.2d 690, 692 (Del. Super. 1986).

Since there is absolutely no evidence demonstrating that Mr. Denbow ever worked with or around even a single Crane Co. valve, Plaintiff cannot meet these standards, and Crane Co. is entitled to summary judgment.

**B.    Even if a jury were permitted to speculate that Mr. Denbow worked with or around Crane Co. valves, there is no evidence showing he was exposed to asbestos from that work.**

As noted, the record evidence does not demonstrate that Mr. Denbow encountered even a single Crane Co. valve. But even if a jury could speculate that he did, it would require yet another layer of speculation to find that he was exposed to asbestos from work performed on a Crane Co. valve. This is because there is no evidence that any of the packing or gaskets that may have been used with any of the Crane Co. valves that may have been present at any of Mr. Denbow's jobsites—and which Mr. Denbow thus may have encountered—actually contained asbestos. And this could not be simply assumed since Crane Co. valves were, and are, "asbestos neutral" in design—the valves could be used with either asbestos-containing or non-asbestos-containing varieties of packing and gaskets. *See, e.g.*, Deposition of Anthony Pantaleoni (Crane

Co.'s corporate representative), dated March 10, 2010, in *Ayer v. A.W. Chesterton Co., et al.*, No. 275284 (Sup. Ct. of California, San Francisco County), at 52:20–25; 56:7–57:10 (attached as **Exhibit D**); Deposition of Anthony D. Pantaleoni in *Robert Baxter v. Alfa Laval, Inc.*, C.A. No. 05-4314 (Massachusetts Superior Court) at 124:9–16; 128:17–129:6; 131:19–132:5 (attached as **Exhibit E**); Affidavit of Anthony D. Pantaleoni from *Dec v. 84 Lumber Co., et al.*, Index No. 7223/2008 (July 27, 2010, N.Y. Gen. Term), at ¶¶ 3, 4, and 6 (attached as **Exhibit F**).

Courts across the country have agreed that Crane Co. valves did not require the use of asbestos-containing materials. *See, e.g., Thurmon v. Georgia Pacific, LLC*, No. 14-15703, 2016 WL 3033147, at *6 (11th Cir. May 27, 2016) (reviewing voluminous evidentiary materials and rejecting the plaintiff's contention that Crane Co. valves required asbestos-containing gaskets to function, because, among other things, "Crane Co.'s corporate representative testified that, during the relevant time period, Crane Co.'s valves did not require asbestos-containing gaskets to function properly" and Crane Co.'s own product literature offered non-asbestos-containing gaskets for sale with various valves); *O'Neil v. Crane Co.*, 266 P.3d 987, 992 (Cal. 2012) (holding that, while Navy specifications, at times, mandated the use of asbestos-containing gasket or packing materials, Crane Co. valves did not require such materials to operate, and it was entirely the decision of the Navy to use such materials with its shipboard equipment); *Braaten v. Saberhagen Holdings*, 198 P.3d 493, 502-03 (Wash. 2008) (noting that Crane Co. catalogs offered non-asbestos-containing seals in addition to asbestos-containing ones, and that the Navy approved more than 60 different types of packing for use on its ships); *Holland v. AIRCO, Inc.*, No. 5:11-cv-02189, 2016 WL 1162602, at *3 (N.D. Ala. Mar. 24, 2016) (reviewing 206 pages of evidentiary materials on which the plaintiff relied, and holding there was no basis for a genuine factual issue regarding whether Crane Co. valves required the use of asbestos-

containing materials); *Taylor v. Elliot Turbomachinery Co.*, 171 Cal. App. 4th 564, 590–91 (2009) (finding Crane Co. "did not specify asbestos-containing packing and gaskets for use with [its] valves … and other types of materials could have been used).

In light of this undisputed point, the United States Court of Appeals for the Fourth Circuit recently held that, because Crane Co. equipment used in Navy settings was used with both asbestos-containing and non-asbestos-containing gasket and packing materials, a plaintiff cannot create a genuine issue of material fact merely by presenting evidence that he worked with or around packing and gasket materials used with Crane Co. equipment. *Pace*, 2016 WL 1239102, at *9. Rather, the plaintiff must come forward with evidence that he worked with or around asbestos-containing packing or gasket materials used with Crane Co. equipment, and that this work took place on a frequent, regular, and proximate basis. *Id.* Since Plaintiff has produced no evidence demonstrating that any packing or gaskets that may be at issue here contained asbestos, even if she could demonstrate that Mr. Denbow encountered a Crane Co. valve, Crane Co. is entitled to summary judgment. *See also Campbell v. A.W. Chesterton Co.*, MDL-875 No. 2:11-66745-ER at 12 (E.D. Pa. Oct. 15, 2012) (granting summary judgment to Crane Co. where, unlike here, there was evidence that the plaintiff actually worked with Crane Co. valves, but no evidence that any of the packing contained asbestos); *see also Wright v. A.W. Chesterton Co.*, MDL-875 No. 2:11-cv-66748, 2012 WL 2834395 (E.D. Pa. Apr. 5, 2012) (granting summary judgment where there was no evidence that the original packing plaintiff alleged working with on Crane Co. valves contained asbestos).

C.  **Crane Co. is not legally responsible for asbestos-containing materials that it did not make, sell, or otherwise place into the stream of commerce.**

Even if Plaintiff could somehow demonstrate that Mr. Denbow was exposed to asbestos from packing or gasket materials used in conjunction with Crane Co. valves, Crane Co. is entitled to summary judgment because there is no evidence that it made, sold, or otherwise controlled any of those asbestos-containing materials. Under maritime law, equipment manufacturers, like Crane Co., are not legally responsible for asbestos-containing materials that were used with their equipment post-sale but which they neither made nor sold. *See, e.g., Lindstrom*, 424 F.3d at 488; *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012). The same is true under Delaware law. *See, e.g., Bernhardt v. Ford*, 2010 WL 3005580 (Del. Super., July 30, 2010); *In re: Asbestos Litig. (Truitt)*, 2011 WL 5340597 (Del. Super. Oct. 5, 2011). Indeed, this is the majority view nationwide on this issue. *See, e.g., O'Neil*, 266 P.3d at 987; *Surre v. Foster Wheeler LLC*, 831 F. Supp. 2d 797, 801 (S.D.N.Y. 2011); *Faddish v. Buffalo Pumps,* 881 F. Supp. 2d 1361, 1371 (S.D. Fla. 2012); *Simonetta v. Viad Corp.*, 197 P.3d 127, 138 (Wash. 2008) (en banc); *Braaten*, 198 P.3d at 504; *Morgan v. Bill Van Co., Inc.*, No. 11-0535-WS-B, 2013 WL 4657502 (S.D. Ala. Aug. 30, 2013); *Thurmon*, 2016 WL 3033147.

Applying these principles, the MDL 875 Court in the United States District Court for the Eastern District of Pennsylvania (where all federal asbestos cases were previously consolidated for pretrial proceedings) routinely granted Crane Co.'s motions for summary judgment under circumstances substantially similar to those here. *See, e.g., Floyd v. Air & Liquid Systems Corp.*, Case No. 2:10-cv-69379, 2012 WL 975615 (E.D. Pa. Feb. 8, 2012) (holding that to the extent the alleged exposures pertain "to asbestos-containing component parts used in connection with Crane Co.'s products but not manufactured or supplied by Crane Co., summary judgment is

warranted").[9] And it recently confirmed that this remains the controlling rule under maritime law. *See Devries v. General Electric Co.*, __ F.3d __, 2016 WL 2910099, at *5, *7 (E.D. Pa. May 19, 2016) (discussing the "MDL Court's subsequent application of *Conner* in dozens of cases" and the well-founded reasons supporting that treatment).

There is no evidence showing that Mr. Denbow encountered any packing or gasket materials that were supplied with a Crane Co. valve, as opposed to replacement materials, or that Crane Co. sold any replacement materials to Mr. Denbow's jobsites, ever (indeed, as noted above, there is no evidence that Mr. Denbow encountered a Crane Co. valve at all, let alone asbestos-containing materials used with one). Accordingly, under the numerous precedents discussed here, Crane Co. is entitled to summary judgment because there is no evidence that Mr. Denbow encountered a Crane Co. valve, that he encountered asbestos-containing materials used with a Crane Co. valve, or that Crane Co. made, sold, or otherwise controlled those materials.

## V.     **CONCLUSION**

For the foregoing reasons, Crane Co. respectfully requests that its Motion for Summary Judgment be granted and that all claims and cross claims against it be dismissed with prejudice.

---

[9] *Accord Cardaro v. Aerojet Gen. Corp.*, No. 2:11-66763-ER, 2012 WL 3536243 (E.D. Pa. July 27, 2012); *Serini v. A.W. Chesterton Co.*, MDL-875 Case No. 07-69109, 2012 WL 2914188 (E.D. Pa. May 14, 2012); *Miller v. A.W. Chesterton Co.*, MDL-875 Case No. 07-67107, 2012 WL 2914180 (E.D. Pa. May 14, 2012); *Lyautey v. Alfa Laval, Inc.*, MDL-875 Case No. 10-cv-84922, 2012 WL 2877377 (E.D. Pa. March 19, 2012); *Campbell v. A.W. Chesterton Co.*, MDL-875 No. 2:11-66745-ER at 12 (E.D. Pa. Oct. 15, 2012).

                                                Respectfully submitted,

                                                SWARTZ CAMPBELL LLC

                                                */s/ Shawn E. Martyniak*
                                                Shawn E. Martyniak (DE No. 4433)
                                                300 Delaware Avenue, Suite 1410
                                                Wilmington, DE 19801
                                                302-656-5935
                                                smartyniak@swartzcampbell.com
                                                *Attorney for Crane Co.*

Dated: July 12, 2016