IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION )<br>)<br>ELLEN JEANENE PALMER, Individually )<br>and as Executrix of the Estate of CLYDE )<br>LEE DENBOW, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>AIR & LIQUID SYSTEMS )<br>CORPORATION, et al., )<br>)<br>      Defendants. ) | Civil Action No. 14-1064-SLR-SRF |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This Report and Recommendation is limited to two motions for summary judgment in this asbestos-related personal injury action.[1] The motions were filed by Defendants Air & Liquid Systems Corporation[2] ("ALS") (D.I. 70), and Georgia-Pacific LLC ("Georgia-Pacific") (D.I. 74) (collectively "Defendants"). As indicated in the chart *infra* and for the reasons set forth below, the court recommends granting Defendants' motions for summary judgment.

| Defendant | Motion for Summary Judgment |
|---|---|
| Air & Liquid Systems Corporation | GRANT |
| Georgia-Pacific LLC | GRANT |

---

[1] Defendants Westinghouse Electric Corporation and Crane Co. also filed motions for summary judgment in this action. (D.I. 68, 72) Because Plaintiff opposes each motion, the court will address them separately.

[2] Air & Liquid Systems Corporation is a successor by merger to Buffalo Pumps. (D.I. 71 at 3)

## II. BACKGROUND

### A. Procedural History

Clyde Lee Denbow ("Mr. Denbow") and his wife Ellen Jeanene Palmer ("Ms. Palmer" or "Plaintiff") filed this asbestos action in the Delaware Superior Court against multiple defendants on June 27, 2014. (D.I. 1, Ex. A) The complaint asserts personal injury claims regarding Mr. Denbow's alleged wrongful exposure to asbestos. (*Id.*, Ex. A) ALS removed the action to this court on August 18, 2014. (*Id.*) After Mr. Denbow's death, Ms. Palmer amended the complaint to substitute herself as the plaintiff, and to add a wrongful death claim. (D.I. 24) ALS and Georgia-Pacific filed motions for summary judgment on June 12, 2016. (D.I. 70, 74) Plaintiff did not respond to Defendants' motions.

### B. Facts

Plaintiff alleges that Mr. Denbow developed mesothelioma as a result of exposure to asbestos-containing products during the course of his employment with the U.S. Navy from 1954 to 1957, while working for Koppers Follansbee Tar Plant ("Koppers") from 1965 to 1970, and while performing personal construction projects over the course of his life. (D.I. 24 at ¶¶ 4–5, 13–18, 47–51) Plaintiff contends that Mr. Denbow was injured due to exposure to asbestos-containing products that Defendants manufactured, assembled, produced, sold, merchandised, supplied, distributed, or otherwise placed in the stream of commerce. (*Id.* at ¶ 14) Accordingly, Plaintiff asserts claims for negligence, breach of implied warranty, strict liability, direct employer liability, wrongful death, and loss of consortium. (*Id.* at 7–27)

Plaintiff produced two product identification witnesses for deposition: Harold Lauck and Charlie Ricker. (D.I. 71 at 3) Harold Lauck testified regarding his work with Mr. Denbow at Koppers. (*Id.*) Charlie Ricker testified regarding his Navy service with Mr. Denbow aboard the

USS New Jersey. (*Id.*) Neither witness testified regarding ALS or Georgia-Pacific products. (D.I. 71 at 5; D.I. 75 at 2)

### III. LEGAL STANDARD

#### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must support its contention by citing to particular documents in the record, by showing that the cited materials do not establish the absence or presence of a genuine dispute, or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)–(B). The existence of some alleged factual dispute may not be sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely

3

colorable, or is not significantly probative, summary judgment may be granted." *Clark v. Welch*, Civ. NO.14-029-SLR, 2016 WL 859259, at *2 (D. Del. Mar. 3, 2016). If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[3] A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported."

---

[3] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

*Williams v. Murray, Inc.*, Civil No. 12-2122, 2014 WL 3783878, at *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Servs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

## IV. DISCUSSION

Defendants' motions for summary judgment should be granted. Defendants contend that summary judgment is warranted because there is no evidence regarding exposure to their respective products. (D.I. 71 at 5–6; D.I. 75 at 2) Having been given an adequate opportunity to engage in fact discovery and create a record on product identification, Plaintiff has not set forth any evidence to refute Defendants' assertions. Because there is no evidence to establish that Mr. Denbow was exposed to a product for which ALS or Georgia-Pacific is liable, this court may recommend dismissal pursuant to Fed. R. Civ. P. 56(e)(3). Therefore, Defendants' motions for summary judgment should be granted.

## V. CONCLUSION

For the foregoing reasons, and as indicated in the chart *infra*, I recommend granting Defendants' summary judgment motions (D.I. 70, 74), and dismissing Defendants with prejudice, as fact discovery is closed and there is no opposition by the Plaintiff.

| Defendant | Motion for Summary Judgment |
|---|---|
| Air & Liquid Systems Corporation | GRANT |
| Georgia-Pacific LLC | GRANT |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de

novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 12, 2016

Sherry R. Fallon
United States Magistrate Judge